UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAWN RICKETTS,

    Plaintiff,

vs.                                             CASE NO.:

PINELLAS COUNTY, FLORIDA,
PARKS & CONSERVATION RESOURCES,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Dawn Ricketts, by and through her undersigned attorneys, sues the Defendant, Pinellas County, Florida, Parks & Conservation Resources, (hereinafter referred to as "Pinellas" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff, Dawn Ricketts, is a resident of Pinellas County, Florida at all times material and worked for Defendant in this Judicial District during the applicable statute of limitations.

4. Defendant, Pinellas County, Florida, Parks & Conservation Resources, is a

government agency authorized and doing business in this Judicial District.

5. At all times material, Plaintiff, Dawn Ricketts, was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On June 4, 2018, Plaintiff, Dawn Ricketts, filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A Right to Sue ("RTS") was issued July 23, 2019.

8. More than 180 days have passed since the filing of the Charge of Discrimination.

## GENERAL ALLEGATIONS

9. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

10. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

11. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## FACTUAL ALLEGATIONS

12. On or about June 12, 2016 Pinellas hired Ricketts to work as the Department Administrative Manager in the Parks and Conversation Resource department.

13. From the outset of her time, Ricketts recognized that the Parks department had a culture that was hostile to the few female workers in the office. The Parks department had seven manager positions, and when she was hired only one other position was held by a female. That colleague subsequently left in January 2017 and was replaced by a male, leaving Ms. Ricketts as

the only female manager.

14. During her time in the Parks department, Ms. Ricketts experienced many inappropriate comments. For example, in October 2016 first meeting, her male supervisor stated that another employee in a crass and suggestive way that Ms. Ricketts only got along with men. This statement made Ms. Ricketts very uncomfortable. Other Pinellas County employees made similarly inappropriate comments to Ms. Ricketts throughout her employment.

15. In addition to inappropriate comments, Ms. Ricketts (as the only female manager) was routinely the subject of gossip and false accusations. For example, another manager in the department told Ms. Ricketts that he heard "she was always looking for a man," suggesting that she was unfaithful to her husband. Another suggested that she could get away with anything in the office because a male supervisor was attracted to her.

16. These experiences continued, and in February 2018, during a one-on-one conversation with her supervisor, he discussed rumors that he had heard that Ms. Ricketts was having an affair with a male colleague whom she had lunch with on occasion.

17. During this meeting, Ms. Ricketts became emotional, and she complained to her supervisor about these rumors and many of the harassing comments and discrimination that she experienced in the workplace. Her supervisor stated that he understood, but that unfortunately that was the reality for females in the workforce.

18. These comments were just a few examples of the hostile environment, which was hostile towards females generally and Ms. Ricketts in particular.

19. On February 20, 2018, Ms. Ricketts applied for intermittent FMLA leave related to the health needs of a child.

20. In the middle of March, Ms. Ricketts was processing an FMLA leave request for

one of her subordinates. When she told her supervisor about the leave, he appeared frustrated and said, "is everyone applying for FMLA?" On other occasions, Ms. Ricketts supervisor had expressed skepticism regarding employees' use of FMLA leave.

21. On March 29, 2018, Ms. Ricketts received approval authorizing her for intermittent FMLA leave.

22. In early April, the topic of FMLA again came up, and Ms. Ricketts told her supervisor that she had been approved for intermittent leave. Knowing that he suspected workers of taking advantage of FMLA, she assured him that she would not abuse it and would take FMLA leave only during emergencies.

23. On April 18, 2018, Pinellas terminated Ms. Rickett's employment, purportedly for performance issues. Ms. Ricketts, however, had never been given a performance review or been warned about her performance.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

24. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

25. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

26. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

27. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

28. Plaintiff's daughter suffers from serious health conditions within the meaning of the FMLA.

29. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant terminated Plaintiff's employment for exercising her rights to leave under the FMLA to care for her children.

30. Defendant's actions constitute violations of the FMLA.

31. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

   a. Back pay and benefits;

   b. Prejudgment interest on back pay and benefits;

   c. Front pay and benefits;

   d. Liquidated damages;

   e. Attorneys' fees and costs;

   f. Injunctive relief; and

   g. For any other relief, this Court deems just and equitable.

### COUNT II
### FAMILY MEDICAL LEAVE ACT – RETALIATION

32. Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

33. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to formally discipline Plaintiff and terminate Plaintiff's employment.

34. Defendant's actions constitute a violation of the FMLA.

35. As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant,

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief, this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – GENDER DISCRIMINATION

36. Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

37. Plaintiff is a member of a protected class under the FCRA.

38. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex/gender in violation of the FCRA.

39. Defendant knew, or should have known, of the gender/sex discrimination and disparate treatment of Plaintiff.

40. The aforementioned actions constitute discrimination on the basis of sex/gender, in violation of the FCRA.

41. As a result of Defendant's unlawful sex/gender discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

    a.     Back pay and benefits;

    b.     Interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Interest on front pay and benefits;

    e.     Compensatory damages (including for mental pain and suffering);

    f.     Pecuniary and non-pecuniary losses;

    g.     Punitive damages; and

    h.     Attorney's fees and costs.

### COUNT IV
### TITLE VII – GENDER DISCRIMINATION

42. Plaintiff, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

43. Plaintiff is a member of a protected class under Title VII. Plaintiff previously filed a charge with the On July 23, 2019, the EEOC issued Plaintiff a Notice of Right to Sue.

44. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex/gender in violation of the Title VII.

45. Defendant knew, or should have known, of the gender/sex discrimination and disparate treatment of Plaintiff.

46. The aforementioned actions constitute discrimination on the basis of sex/gender, in violation of the Title VII.

47. As a result of Defendant's unlawful sex/gender discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Interest on front pay and benefits;

  e. Compensatory damages (including for mental pain and suffering);

  f. Pecuniary and non-pecuniary losses;

  g. Punitive damages; and

  h. Attorney's fees and costs.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

49. As described above, Plaintiff has a disability, and/or the Defendant perceived him to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes*.

50. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability.

51. Plaintiff requested and was denied a reasonable accommodation.

52. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

  a. Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.    Pecuniary and non-pecuniary losses;

    f.    Attorney's fees and costs; and

    g.    For any other relief this Court deems just and equitable.

## COUNT VI
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

53. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

54. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

55. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

56. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability.

57. Plaintiff requested and was denied a reasonable accommodation.

58. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.    Pecuniary and non-pecuniary losses;

    f.    Attorney's fees and costs; and

    g.    For any other relief this Court deems just and equitable.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

60. As described above, Plaintiff suffered an adverse employment action (termination) for opposing Defendant's discriminatory treatment of him, which action is unlawful pursuant to Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

61. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

62. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Costs and attorney's fees;

  g. For any other relief this Court deems just and equitable.

## COUNT VIII
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

63. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 23.

64. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of him, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

65. The above described acts constitute retaliation, in violation of the ADAAA.

66. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Attorney's fees and costs; and

  g. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

67. Plaintiff demands a trial by jury on all issues so triable.

Dated October 8, 2019.

FLORIN GRAY BOUZAS OWENS, LLC.

_____
**SCOTT L. TERRY, ESQUIRE**
Florida Bar No.: 77105
scott@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Dr.
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*